UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 00-6769

JAMES MCLAUGHLIN,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-94-47, CA-98-953-2)

Submitted: November 9, 2000

Decided: January 25, 2001

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Remanded by unpublished per curiam opinion.

**COUNSEL**

James McLaughlin, Appellant Pro Se. Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James McLaughlin appeals from the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2000) motion. On December 1, 1999, the district court entered an order denying the motion. Pursuant to Fed. R. App. P. 4(a), a timely notice of appeal had to be filed by January 31, 2000. McLaughlin's notice of appeal was dated December 15, 1999, postmarked on May 5, 2000, and filed in the district court on May 25, 2000, 114 days after the expiration of the appeal period.

Under Fed. R. App. P. 4(c), which was amended in 1993 to incorporate the Supreme Court's decision in *Houston v. Lack*, 487 U.S. 266 (1988), an inmate's notice of appeal is deemed filed on the day it is "deposited in the institution's internal mail system." Fed. R. App. P. 4 advisory committee's note; *see Houston*, 487 U.S. at 276 (notice of appeal is filed at the moment it is delivered to prison authorities for mailing). McLaughlin's notice of appeal contains a certificate of service. While it is dated December 15, 1999, McLaughlin does not declare under penalty of perjury that the information in his notice is true and correct, as required by 28 U.S.C. § 1746 (1994). Nor does his certificate of service include a notarized statement. *See* Fed. R. App. P. 4(c).

The nearly five-month period that elapsed between the date on the notice of appeal and the postmark date on the envelope weighs against a blind acceptance of the date McLaughlin affixed to his notice of appeal. We therefore remand to the district court for a determination of when McLaughlin deposited his notice of appeal in the institution's internal mail system. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*